1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZANE HUBBARD,                          )          CV 13-2099-RJT
                                       )
        Petitioner,                    )          ORDER DENYING "PETITION
                                       )          UNDER 28 U.S.C. § 2254 FOR
        v.                             )          WRIT OF HABEAS CORPUS BY A
                                       )          PERSON IN STATE CUSTODY"
MICHAEL J. SENG,                       )
Magistrate Judge,                      )
                                       )
        Respondent/Plaintiff.          )
_____)

        The court has read and considered petitioner Zane Hubbard's ("Hubbard") petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Section 2254"), ("Petition").  The court has

also read and considered the docket and various court filings in the civil rights action pursuant to

42 U.S.C. § 1983 that Hubbard previously filed.  *See* Docket # 13-1736-AWI-MJS.  Based on

such consideration, the court will deny the petition for the reasons set forth below.

1

**I.**

**BACKGROUND**

Hubbard filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983 action") on October 23, 2013. *See* Docket # CV 13-1736-AWS-MJS. That complaint alleged that he had been validated as a gang associate while in custody, and as result has been confined in segregated housing and subjected to interrogation, in violation of the Eighth Amendment. The magistrate judge assigned to the Section 1983 action was Magistrate Judge Michael J. Seng. *See id.* On November 13, 2013, Judge Seng dismissed the complaint with leave to amend within thirty days. *See* Docket # CV 13-1736, Entry 11. On December 20, 2013, Hubbard filed an amended complaint. *See id.*, Entry 12.

Shortly thereafter, on December 23, 2013, Hubbard filed the instant habeas petition under 28 U.S.C. § 2254, making a number of claims regarding Magistrate Judge Seng's conduct during the course of the Section 1983 case, including that Judge Seng is not a judicial officer because he is not  listed in the court directory, that he had a conflict of interest that was not disclosed, that he lied during court proceedings, and finally that he also disregarded material facts in order to deny Hubbard relief in his Section 1983 action.

**II.**

**ANALYSIS**

Hubbard is entitled to habeas relief if his incarceration violates the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 112 S.Ct. 475, 480 (1991). "According to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement." *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979) (citing *Presier v. Rodriguez*, 411 U.S. 475, 484-86 (1973)). Hubbard's allegations, however, do not make such attacks, as they are focused on the conduct and actions of the magistrate judge who presided over his Section 1983 case. The complaint makes no mention of the legality or duration of his confinement; in fact, it does not mention the criminal case for which he is currently incarcerated. Therefore, it plainly appears from the face of the Petition that Hubbard is not entitled to habeas

1    relief.[1]

2        However, pro se complaints are liberally construed.  *Estelle v. Gamble*, 429 U.S. 97, 106

3    (1976).  Therefore, oftentimes, courts construe pro se habeas petitions as 42 U.S.C. § 1983

4    actions, when they challenge conditions of confinement.  Here, Hubbard's petition would have to

5    be construed as a claim under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388

6    (1971), because the only named defendant is Judge Seng, who was acting under color of federal

7    law.  Accordingly, this court will treat the complaint as made under *Bivens*.  *See Mullis v. U.S.*

8    *Bankruptcy Court*, 828 F.2d 1385, 1387 (9th Cir. 1987), cert. denied, 108 S.Ct. 2031 (1988).

9    However, judges sued under *Bivens* are absolutely immune from civil damage liability unless they

10   act in absence of all jurisdiction or perform acts that are not judicial in nature.  *See Lonneker*

11   *Farms, Inc. v. Klobucher*, 804 F.2d 1096, 1097 (9t Cir. 1986).   In Hubbard's complaint, all his

12   allegations relate to conduct of Judge Seng while "acting in his capacity" as a federal magistrate

13   judge.  Judicial immunity thus bars Hubbard's *Bivens* claim.

14                                                 **III.**

15                                          **<u>DISPOSITION</u>**

16

17        For the reasons above, IT IS ORDERED that Petitioner Zane Hubbard's Section 2254

18   petition for a writ of habeas corpus is denied.

19

20   April 29, 2014                    ROBERT J. TIMLIN

21   DATE                              ROBERT J. TIMLIN, DISTRICT COURT JUDGE

22

23   ────────────────────

24        [1]In addition, if Hubbard's petition was requesting valid habeas relief, it is well-established
     that a petitioner for habeas relief must name "the state officer having custody of him or her as the
25   respondent to the petition."  *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994); *see
     also* Rule 2(a) of the Rules Governing 2254 Cases in the United States District Courts.  "This
26   person typically is the warden of the facility in which the petitioner is incarcerated."  *Stanley*, 21
     F.3d at 360.  "Failure to name the petitioner's custodian as a respondent deprives federal courts of
27   personal jurisdiction" over the custodian.  *Id.*  This court would ordinarily dismiss the petition with
     leave to amend, to provide Hubbard the opportunity to add the proper respondent.  However,
28   because the petition does not contain any allegations that entitle Hubbard to habeas relief, this
     court will dismiss without leave to amend.